# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 4446 | DATE | Sept. 2, 2004 |
| CASE TITLE | JD Capital   v   Lawrence J. Goldstein & Associates | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Hearing

(5) ☒ Status hearing set for 9/23/04, at 9:00 a.m.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ☒ [Other docket entry]

Memorandum opinion and order entered. Accordingly, plaintiff's motion for partial summary judgment is granted and the court finds that defendant is liable for malpractice. Parties' damage statement is due by 9/20/04.

(11) ☒ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | number of notices | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required. | | | | | |
| X | Notices mailed by judge's staff. | | | SEP 0 3 2004 | | 32 |
| | Notified counsel by telephone. | | | date docketed | | |
| | Docketing to mail notices. | | | | docketing deputy initials | |
| | Mail AO 450 form. | | | | | |
| | Copy to judge/magistrate judge. | | | date mailed notice | | |
| GS | courtroom deputy's initials | | U.S. DISTRICT COURT 2004 SEP -2 PM 3: 55 | | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | | |

JD CAPITAL MANAGEMENT ASSOCIATES, )
LLC, )
                               )
        Plaintiff, )
                               )    No. 03 C 4446
      v. )
                               )    Judge Robert W. Gettleman
LAWRENCE J. GOLDSTEIN & ASSOCIATES, )
P.C., )
                               )
        Defendant. )

DOCKETE

SEP 0 3 200

## MEMORANDUM OPINION AND ORDER

Plaintiff JD Capital Management Associates, LLC ("JD Capital") initiated the instant malpractice suit against its former attorney, defendant Lawrence J. Goldstein & Associates, P.C. ("defendant"), a professional corporation of which Lawrence J. Goldstein ("Mr. Goldstein") is the principal. Plaintiff seeks damages from defendant's failure to redeem back taxes on a property that had been sold for delinquent taxes. Plaintiff has moved for summary judgment solely on the issue of liability. For the reasons stated below, the court grants plaintiff's motion.

## FACTS[1]

Plaintiff is a purchaser of performing and nonperforming debt, which was formed by its managing member, Steven Jason. In 2002, plaintiff agreed to service 20 residential loans, including a property at 7808 South Peoria Avenue, Chicago, Illinois, 60620 (the "7808 property"), for Alliance Company of Nevada, Inc. ("Alliance").

---

[1]Unless otherwise noted, the following facts, taken from the parties' L.R. 56.1 statements and exhibits attached thereto, are not in dispute.

Defendant was retained to represent plaintiff in connection with a mortgage foreclosure action involving the 7808 property. On September 11, 2002, defendant sent to plaintiff a "Take Notice" from the Cook County Clerk for delinquent taxes on the 7808 property. The notice stated that the property had been sold for delinquent taxes and set a redemption date of January 21, 2003. Defendant informed plaintiff that it needed to redeem its taxes to protect its interest, and that defendant would redeem the taxes if plaintiff provided the necessary funding.

On September 19, 2002, plaintiff drafted a check in the sum of approximately $10,000 payable to defendant to redeem the taxes. Defendant received the check and deposited it into a trust account on October 2, 2002, but according to Mr. Goldstein's testimony at his deposition, he "forgot" to make a check payable to the Cook County clerk to redeem the taxes. Moreover, Mr. Goldstein testified at his deposition that, in his opinion, his failure to redeem the taxes constituted malpractice.

Thereafter, defendant represented plaintiff as mortgagee in foreclosure proceedings and obtained a judgment in the amount of approximately $100,000 in favor of plaintiff. In March 2003, defendant, on behalf of plaintiff, bid on the 7808 property at a foreclosure sale. Plaintiff was the successful bidder, but later learned from defendant that it had failed to redeem the taxes. The tax buyer subsequently perfected its interest in the 7808 property, extinguishing plaintiff's rights in the 7808 property.

In plaintiff's complaint for foreclosure, filed in the Circuit Court of Cook County, Illinois, the response to the item labeled, "Capacity in which plaintiff brings this foreclosure," stated that, "plaintiff, JD Capital Management Associates, LLC, is the legal holder or the

Mortgage and Note attached hereto as Exhibits 'A' and 'B' respectively."[2] At his deposition,

Steven Jason, the managing member of JD Capital, explained:

> Through discussions with Mr. Goldstein we determined, he and I, that it would be
> best to proceed with the foreclosure action in the name of JD Capital rather than
> Alliance Funding since I was the party who was going to be responsible for the
> foreclosure activity. So along with the file I forwarded assignments to Mr.
> Goldstein's office to be completed and recorded so that JD Capital would become
> the mortgagee on the property, to proceed with the foreclosure in [JD Capital's]
> name.[3]

Consistent with Jason's testimony, Mr. Goldstein testified at his deposition that "there

were a series of at least three or four different assignments of [the 7808 property] loan," and

agreed that the loan was ultimately assigned to plaintiff, making plaintiff the holder of the

mortgage on the 7808 property. Plaintiff also submitted correspondence in which Jason

instructed Mr. Goldstein to complete the assignment from Alliance to plaintiff.

In his report, defendant's expert, Mark Kalina, concluded that "JD Capital never had any

legal standing to enforce the terms of the mortgage of its own accord." At his deposition, Kalina

explained that he based that conclusion on his observation that there may not have been an

assignment of the mortgage to plaintiff, as well as on Steven Jason's deposition, during which

Jason was "quite emphatic in his testimony that JD Capital did not own the loan." Kalina further

testified that the Mortgaging Servicing Agreement between plaintiff and Alliance appointed

plaintiff to be servicer, rather than owner, of the 7808 property mortgage.

---

[2]The court notes that the exhibits to the complaint for foreclosure do not indicate that
plaintiff is the legal holder of the mortgage and note.

[3]Earlier in his deposition, Jason testified that plaintiff did not "purchase" the residential
mortgage loan for the 7808 property, and that the mortgage "is still held by the – by my client
[Alliance] for whom I was servicing the loan."

# DISCUSSION

In its motion for summary judgment, plaintiff argues that because Mr. Goldstein admits, (1) undertaking the duty to redeem taxes, and (2) failing to properly perform that duty, plaintiff is entitled to summary judgment on its malpractice claims. In the face of what appear to be clear admissions by Mr. Goldstein on both of these points, defendant argues that because plaintiff failed to obtain a license under either the Illinois Residential Mortgage License Act, 205 ILCS 635/1, or the Illinois Collection Agency Act, 225 ILCS 425/2.02, "[plaintiff's] actions and attempts to collect and enforce the mortgage on the 7808 property were void as a matter of law."

According to defendant, "Plaintiff should not be allowed to recover any amount of damages from defendant where plaintiff was not authorized at any time to carry out the action for which it engaged defendant's legal representation." In support, defendant directs the court's attention to the testimony of its expert, Kalina, who (according to defendant) "opined" that the Illinois Residential Mortgage License Act (the "Mortgage Act") and Collection Agency Act (the "Collection Act") applied to plaintiff and the facts of this case. Defendant maintains that Kalina's testimony "creates at least a question of fact as to whether plaintiff can pursue an action against defendant for its alleged failure to carry out directives which plaintiff was not entitled or permitted to pursue."

The court disagrees. The Mortgage Act, 205 ILCS 635/1-3(a), provides:

> No person, partnership, association, corporation or other entity shall engage in the business of brokering, funding, originating, servicing or purchasing of residential mortgage loans without first obtaining a license from the Commissioner in accordance with the licensing procedure provided in Article I and such regulations as may be promulgated by the Commissioner.

4

Defendant argues that because plaintiff was "servicing" the residential mortgage loan for the 7808 property, and collecting on it, it was required to be licensed by the Mortgage Act. This argument, it seems, is based on defendant's assertion that plaintiff did not own the residential mortgage for the 7808 property. As discussed below, however, defendant's characterization of the ownership and assignment of the mortgage is belied by the deposition testimony of both Mr. Goldstein and Jason.

Kalina's conclusion in his expert report that he could find "no evidence that JD Capital Associates, LLC was ever the owner and holder of the Mortgage or the Note," is a legal conclusion entitled to no weight. In any event, it does not create an issue of fact in light of Mr. Goldstein's admission that the mortgage was assigned to JD Capital and that he presented the assignment documents to the judge in the foreclosure action that he prosecuted in plaintiff's name as mortgagee. To the extent that Jason's testimony was equivocal in any respect on this issue, Mr. Goldstein's testimony – which was not listed in Kalina's expert report as a source that he consulted in rendering his opinion – was unambiguous and unwavering as to plaintiff's ownership of the mortgage. Taken together with the complaint in the foreclosure action, as well as the documentation regarding Jason's instructions to Mr. Goldstein to complete the assignment from Alliance to plaintiff, the court finds that plaintiff owned the mortgage on the 7808 property, and no reasonable jury could conclude otherwise.

Defendant has not cited to any authority that would require plaintiff, as the owner of the 7808 mortgage, to be licensed by the Mortgage Act to: (1) pursue foreclosure; (2) request that defendant redeem taxes on the property; or (3) bid on the 7808 property to obtain title. Moreover, as plaintiff points out, the definition of "servicing" in the Mortgage Act refers to

"collection or remittance... of payments, interests, principal and trust items such as hazard insurance and taxes on a residential mortgage loan in accordance with the terms of the residential mortgage loan; and includes loan payment follow-up, delinquency loan follow-up, loan analysis and any notifications to the borrower that are necessary to enable the borrower to keep the loan current and in good standing." 205 ILCS 635/1-4(q). This language, as plaintiff argues, clearly contemplates collecting payments under a loan that is current, not pursuing a foreclosure action. Thus, plaintiff's failure to register with the Commissioner does not defeat his malpractice claim, which is based on defendant's failure to redeem taxes as directed by plaintiff.

Defendant's argument regarding the Collection Act fares no better. The Collection Act, 225 ILCS 425/4, requires those collecting the debts of others to be licensed. Because plaintiff was collecting its own debt in the instant case, it was not required to be licensed under the Collection Act.

Even if the court concluded that the Mortgage and Collection Acts did apply, it would still conclude that defendant breached its duty. The instant action arises from defendant's failure to redeem taxes and subsequent failure to inform plaintiff of that fact. That plaintiff may not have been licensed as a "servicer" or collection agent does not absolve defendant of liability for its breach, even if the court assumed that plaintiff was covered by the Collection and Mortgage Acts.

Defendant cites to Goldstein v. Lustig, 154 Ill. App. 3d 595 (Ill. App. 1st Dist. 1987), for the proposition that "[u]nder Illinois law, a party cannot recover for actions it took in violation of law or statute." Goldstein, however, is readily distinguishable from the instant case. In Goldstein, the plaintiff, a dentist, sought an attorney's advice after it became clear to him that his

6

employer had valid grounds to believe that the plaintiff had participated in an insurance fraud scheme. Id. at 597. The plaintiff's attorney advised him to wait to be terminated (rather than quit) and to file suit against the employer for wrongful discharge. Id. During the course of that lawsuit, the attorney counseled the plaintiff to settle, which he did. The plaintiff then brought a malpractice suit against his attorney, alleging that the attorney had negligently and carelessly interpreted plaintiff's employment agreement and given him bad advice. Id. The plaintiff further verified in his affidavit that he had in fact participated in the insurance fraud scheme, and that he had to settle his lawsuit with his employer because it had "little if any" merit. Id.

The licensure misstep alleged by defendant in the instant case – plaintiff's failure to obtain a license under the Mortgage Act – simply does not approach the egregious nature of the fraud committed in Goldstein, and does not provide a basis for relieving defendant of the consequences of his breach of duty. The court thus grants plaintiff's motion for partial summary judgment.

### CONCLUSION

For the reasons stated herein, plaintiff's motion for partial summary judgment is granted, and the court finds that defendant is liable to plaintiff for malpractice. The parties are directed to prepare and file a statement on or before September 20, 2004, outlining the issues concerning the determination of damages and whether damages can be determined by summary judgment proceedings or trial. This matter is set for a report or status September 23, 2004, at 9:00 a.m.

**ENTER:**     **September 2, 2004**


Robert W. Gettleman
United States District Judge

7